J-S40018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEFON JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 1758 WDA 2018 |

Appeal from the PCRA Order Entered November 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001038-2014,
CP-25-CR-0002133-2014

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED OCTOBER 31, 2019**

Stefon Johnson, Jr. appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal.

In November 2014, Johnson pled guilty to two counts of robbery, 18 Pa.C.S.A. § 3701(a)(1). In January 2015, the trial court sentenced Johnson to 114 to 228 months' incarceration. We affirmed the judgment of sentence in October 2015. Johnson did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

In February 2016, Johnson filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. The PCRA court denied the petition and this Court affirmed. We concluded that Johnson waived all claims except whether trial counsel was ineffective in recommending that he

_____
*   Retired Senior Judge assigned to the Superior Court.

withdraw his suppression motion. The court also concluded that, even if Johnson had not waived his other claims, he would not be entitled to relief.

In April 2018, Johnson filed the instant *pro se* PCRA petition, alleging his PCRA counsel was ineffective in failing to preserve most issues raised in his first *pro se* PCRA petition and his trial counsel was ineffective during the plea and sentencing process. The PCRA court issued notice of its intent to dismiss the petition without a hearing. Johnson filed a response. In November 2018, the court dismissed the petition as untimely. Johnson filed a Notice of Appeal at docket number CP-25-0001038-2014, listing both docket number CP-25-0001038-2014 and number CP-25-0002133-2014. He did not file the Notice of Appeal at docket number CP-25-0002133-2014.

Johnson raises the following issues on appeal:

> A. Whether statutory tolling equitable tolling applies to [Johnson].
>
> B. Whether [Johnson] has previously litigated the claims enclosed with the same merits for review.
>
> C. Whether [Johnson's] counsel William J. Hathaway [was] ineffective, and did it prejudice [Johnson].
>
> D. Whether the material evidence that the Commonwealth continue[s] to withhold are a **Brady**[1] violation vs. new[]ly discovered evidence or both.

Johnson's Br. at 8 (some capitalization omitted).

We first must address whether the appeal is properly before us. Pennsylvania Rule of Appellate Procedure 341(a) provides: "(a) **General**

---

[1] **Brady v. Maryland,** 373 U.S. 83 (1963).

**Rule.**--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). The Official Comment to the Rule states: "Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Official Note.

The Pennsylvania Supreme Court recently held that the "proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). It held that the failure to file separate notices "requires the appellate court to quash the appeal." *Id.* This rule was to apply prospectively, to any notice of appeal filed after the issuance of the decision on June 1, 2018. *Id.*

Here, Johnson filed one Notice of Appeal, listing two docket numbers, at docket at CP-25-CR-0001038-2014. He did not file the Notice at CP-25-CR-0002133-2014. Because he filed a single notice of appeal from an order resolving issues on more than one trial court docket, we must quash the appeal. *See Walker*, 185 A.3d at 977.[2]

---

[2] We note that Johnson had been filing all papers in the PCRA court by filing a paper that listed both docket numbers and that, for the instant PCRA petition, the court also had been filing its orders at docket CP-25-CR-0001038-2014, and not filing a document at CP-25-CR-0002133-2014. We understand why Johnson would use same procedure for his hand-written notice of appeal. However, as *Walker* established a bright-line rule, we must quash the appeal.

Even if we did not quash the appeal, we would conclude Johnson is not entitled to relief.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ligon*, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011)).

A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

We affirmed Johnson's judgment of sentence on October 20, 2015, and he did not file petition for allowance of appeal. His conviction therefore became final on November 19, 2015, 30 days after we affirmed the judgment of sentence. *See* Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). To be timely, Johnson was required to file his PCRA petition by November 19, 2016. *See* 42 Pa.C.S.A. § 9545(b)(1). His current petition, filed in April 2018, is therefore facially untimely.

To overcome the one-year time bar, Johnson bore the burden of pleading and proving one of the three exceptions: (i) unconstitutional

- 4 -

interference by government officials; (ii) newly discovered facts that he could not have previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, for claims arising on or after Dec. 24, 2017, the petition must have been "filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2). For claims arising before December 24, 2017, the petition had to be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (amended).

Johnson first claims that his PCRA petition is timely because he filed it within 30 days of the date on which we affirmed the denial of his first PCRA petition. When a PCRA appeal is pending, the defendant may not file a subsequent PCRA petition until "the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon expiration of time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). If, however, the subsequent petition is not filed within one year of the date when the judgment of sentence became final, then the petitioner must plead and prove one of the three time-bar exceptions. Therefore, the time period for filing a PCRA petition is one year from the date the judgment of sentence became final, and the appeal of Johnson's first timely-filed PCRA petition does not change this. Johnson is not entitled to relief under this theory.

To the extent Johnson argues that his PCRA petition is timely due to PCRA counsel ineffectiveness, such a claim cannot satisfy the PCRA time bar.

*See **Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (holding "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA").

Finally, to the extent Johnson's claim of newly-discovered evidence can be construed as a claim that he is timely under the newly-discovered fact exception of the time bar, such a claim fails.

Johnson claims that the Commonwealth provided fingerprint analysis after sentencing that established that one of the sets of fingerprints did not match his prints. He claims the Commonwealth continues to withhold other fingerprint analysis. Other than saying that the Commonwealth did not disclose the fingerprint analysis until after sentencing, Johnson does not allege when he received the analysis, and therefore does not plead facts that would establish that he acted with due diligence. ***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa.Super. 2015) (to meet the new fact exception to the time bar, petitioner must show "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence").

Accordingly, we quash this appeal and, even if we were to review the order dismissing the PCRA petition, Johnson would not be entitled to relief.

Appeal quashed.

President Judge Emeritus Bender joins the Memorandum.

Judge Pellegrini files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/31/19